UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

In re:                                             Chapter 11

Jack Pinnock,

                                                   **AFFIDAVIT PURSUANT TO**
                          Debtor.                  **LOCAL BANKRUPTCY RULE 1007-2**

————————————————————————X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

Jack Pinnock, being duly sworn, deposes and says:

1.      I am debtor and debtor-in-possession herein (the "Debtor").  I am fully familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

2.      On January 6, 2011, I filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The circumstances leading to my filing was an adverse decision by an arbitrator that I am liable to Cold Stone Creamery, Inc. for in excess of $500,000.

4.      No prior case has been commenced by or against the Debtor under either chapters 7 or 13 of the Bankruptcy Code.

5.      Upon information and belief, as of the date hereof, there has not been a formation of a committee of unsecured creditors.

6.      Pursuant to LBR 1007-2(a)(4), a list containing the names and addresses of what I believe to be the twenty largest unsecured creditors, excluding insiders, have been filed with the Debtor's Chapter 11 Petition.

7.      Pursuant to LBR 1007-2(a)(5), the holders of the five largest secured creditors have been set forth in Schedule D to the Chapter 11 Petition.

8.      Pursuant to LBR 1007-2(a)(6), an approximate summary of Debtor's assets and

liabilities will be set forth in Schedules B, D, E and F to the Chapter 11 Petition within fourteen days of the chapter 11 filing.  The Debtor has no securities that are publicly held.

9.      LBR 1007-2(a)(7) is not applicable.

10.     Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of Debtor in the possession of any public officer, receiver, trustee, pledge, assignee of rents, liquidator, secured creditor, or agent of any such person.

11.     Pursuant to LBR 1007-2(a)(9), the Debtor leases no premises.

12.     Pursuant to LBR 1007-2(a)(10), all of my assets, books and records are maintained by me at 336 Claremont Avenue, Mount Vernon, New York 10552.

13.     LBR 1007-2(a)(11) is not applicable.

14.     LBR 1007-2(a)(12) is not applicable.

15.     It is my intention to file a plan of reorganization providing any payments to be made to creditors over time. I currently have no income for the 30-day period following the filing of the Chapter 11 Petition. Expenses and disbursements for the same period should total approximately $19,000.00.

16.     I believe that under the supervision of the bankruptcy court the Debtor will be able to pay its creditors more than they would receive if it went through a forced chapter 7 liquidation.

_/s/ Jack Pinnock_____
Jack Pinnock

Sworn to before me this 6th
day of January, 2011


_/s/ Lawrence Morrison_____
Lawrence Morrison
Notary Public, State of New York
No. 02m06059654
Commission Expires 7/28/2011

*4864-001 Doc#3*